**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Curtis, ) | No. CV-05-1538-PHX-ROS |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| Century Surety Company an Ohio) Corporation, ) | |
| Defendant. ) | |

      On August 10, 2007, the Hon. Roslyn O. Silver, this case's assigned District Judge, referred this case to the undersigned for purposes of conducting a settlement conference. (docket # 67)  Both sides timely provided the undersigned with settlement conference memoranda which, as instructed, were not filed with the Clerk. Yesterday, November 5, 2007, the undersigned conducted an off-the-record a settlement conference. A voluntary settlement was not reached. Plaintiff, an attorney, was *pro se*. Defendant was represented by counsel, David Seldon. Also present was Tim Woods, Vice-President of Claims of Defendant's Phoenix office.

      Today, the undersigned's chambers received a faxed letter from Plaintiff John R. Curtis, requesting sanctions be imposed upon "Defendants" because "they were untruthful about receiving [Plaintiff's] settlement demand which was sent to them on 9/27/07, Mr. Woods had not read [Plaintiff's settlement conference] memorandum and

Mr. Woods had no settlement authority." (Exhibit 1) A copy of Plaintiff's letter was purportedly mailed to defense counsel. The Court will construe Plaintiff's November 6, 2007 letter as a motion for sanctions.

While it is true that Mr. Woods acknowledged to the Court that defense counsel failed to provide him a copy of Plaintiff's settlement conference memoranda for review prior to the settlement conference as directed by the Settlement Conference Order, there was no prejudice to Plaintiff because Mr. Woods was instructed to read it while the Court was conducting a private caucus with Plaintiff in another room. The Court believes that he did. Additionally, whether defense counsel was truthful about not receiving Plaintiff's settlement demand on September 27, 2007, five weeks before the settlement conference, is a non-material, collateral issue. There are several reasons other than defense counsel's verity why he may not have received Plaintiff's settlement demand so far in advance of the settlement conference despite the Court's express directive in the Settlement Conference Order. Again, there was no prejudice to Plaintiff when exactly defense counsel received Plaintiff's pre-settlement conference offer to settle because, in light of the present posture of the case,[1] Defendant is entitled to remain inflexible in its current settlement position.

Finally, there is no evidence to support Plaintiff's speculative claim that Mr. Woods attended the settlement conference with "no settlement authority." At the beginning of the settlement conference, Mr. Woods represented to the Court that he was the person at Century Surety Company that had the "full and complete authority" to settle this case as defined in the Settlement Conference Order. If a party refuses to accept an adverse party's offer to settle, no matter how reasonable it may appear, sanctions against that party for not paying the demand are not appropriate. While a court might be

---

[1] Summary judgment has been entered in favor of Defendant on all Plaintiff's claims. (docket # 39) Plaintiff's Motion to Reconsider, docket # 73, and Defendant's counterclaim for alleged breach of contract for Plaintiff's alleged refusal to return documents to Defendant, Plaintiff's former employer, are the only known issues pending.

- 2 -

1 warranted in considering sanctions for a party's failure to notify the Court in advance of a
2 settlement conference that going forward with the settlement conference would be a futile
3 effort resulting in a waste of everyone's time, result in unnecessary attorneys' fees and
4 inconsistent with Rule 1, FED. R. CIV. P., such a sanction in this case is inappropriate
5 because of the *pro se* nature of one of the parties.

6 Although the law favors the voluntary settlement of civil suits, *ABKCO*
7 *Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 997 (2d Cir. 1983), it does not
8 sanction efforts by trial judges to effect settlements through coercion. *Del Rio v. Northern*
9 *Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978) (citing *Wolff v. Laverne, Inc.*, 17 A.D.2d 213,
10 233 N.Y.S.2d 555 (1962)). In the *Wolff* case, cited with approval in *Del Rio*, *supra*, the
11 Court said:

> We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law.

16 17 A.D.2d at 215, 233 N.Y.S.2d at 557.  In short, pressure tactics to coerce settlement
17 simply are not permissible. *Schunk v. Schunk*, 84 A.D.2d 904, 905, 446 N.Y.S.2d 672
18 (1981); *Chomski v. Alston Cab Co.*, 32 A.D.2d 627, 299 N.Y.S.2d 896 (1969). "The judge
19 must not compel agreement by arbitrary use of his power and the attorney must not
20 meekly submit to a judge's suggestion, though it be strongly urged." *Brooks v. Great*
21 *Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937).

22 Federal Rule 16(c)(9), FED.R.CIV.P., expressly authorizes civil settlement
23 conferences but it "was not designed as a means for clubbing the parties-or one of
24 them-into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir.
25 1985). The purpose of Rule 16, FED.R.CIV.P., is not "to impose settlement negotiations
26 on unwilling litigants." Fed.R.Civ.P. 16 Advisory Committee's Notes;  *In re Novak*, 932
27 F.2d 1397, 1405 n. 15 (11th Cir. 1991).

28 Accordingly,

1    **IT IS ORDERED** that Plaintiff's motion for sanctions is **DENIED**.

2    **IT IS ORDERED** that Plaintiff's November 6, 2007 letter shall be filed as
3 Exhibit 1 to this Order.

4    DATED this 6th day of November, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -